# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

RAYMOND B. THOMPKINS,   )
                            )
    Claimant-Appellant,   )
                            )
    v.                       )    C.A. No. N20A-04-002 ALR
                            )
REYNOLDS TRANSPORTATION,   )
                            )
    Employer-Appellee.   )

Submitted: November 23, 2020
Decided: January 11, 2021

*On Appeal from the Industrial Accident Board*
**REVERSED and REMANDED**

*Upon Employer's Motion to Strike*
**DENIED AS MOOT**

## <u>MEMORANDUM OPINION</u>

Shakuntla L. Bhaya, Esquire, Alexis N. Stombaugh, Esquire, Doroshow, Pasquale Krawitz & Bhaya, Bear, Delaware, Attorneys for Claimant-Appellant.

Nicholas E. Bittner, Esquire, Heckler & Frabizzio, Wilmington, Delaware, Attorney for Employer-Appellee.

**Rocanelli, J.**

This is an appeal from a decision of the Industrial Accident Board ("Board") which denied Raymond Thompkins's Petition to Determine Compensation Due after finding that recommended back surgery was not reasonable and necessary and therefore not compensable.

## BACKGROUND

Raymond Thompkins ("Employee") was employed by Reynolds Transportation ("Employer") as a long-distance truck driver. From July 2017 to January 2019 Employee worked without any medical restrictions. On January 15, 2019, Employee was rear-ended while driving in connection with his work.

After the accident, Employee was treated with physical therapy. After a Magnetic Resonance Image ("MRI") of Employee's low back and neck, Employee received lumbar injections. Employee reported radiating pain despite this conservative treatment. Employee was refereed to Dr. Mark Eskander, a board certified orthopedic surgeon ("Employee's Surgeon"). Based on Employee's diagnostic testing, history and functionality, and the fact that Employee's pain was not reduced by conservative treatment, Employee's Surgeon recommended decompressive back surgery to unpinch the nerves and to pack in a bone graft where the vertebrae shifted ("Proposed Spinal Surgery").

In the meantime, Employee was examined by Employer's physician, Dr. Eric Schwartz, a board certified orthopedic surgeon ("Employer's Doctor"). At his

1

appointment with Employer's Doctor on May 6, 2019, Employee reported back and neck pain. Employer's Doctor found no evidence of neurological damage or injury and observed that Employee had a normal gait.

## PROCEDURAL HISTORY

Employee filed a Petition for Compensation Due seeking benefits in connection with a work-related motor vehicle accident. There is no dispute regarding the following: (i) that Employee was injured in a work-related motor vehicle accident on January 15, 2019; (ii) the medical treatment Employee received from January 15, 2019 through May 6, 2019 was reasonable and necessary and therefore compensable; and (iii) Employee was totally disabled from January 16, 2019 through June 16, 2019. On the other hand, there is a dispute regarding whether the Proposed Spinal Surgery is reasonable and necessary and therefore compensable.

At the Board hearing, Employee's Surgeon offered an expert medical opinion that Employee was the perfect candidate for the Proposed Spinal Surgery. According to Employee's Surgeon, the Proposed Spinal Surgery would alleviate Employee's symptoms so that Employee could return to the level of functionality Employee enjoyed before the work-related accident.

Employer's Doctor also testified at the Board hearing. While Employer's Doctor acknowledged that Employee had symptoms of radiculopathy after the work-related accident, according to Employer' Doctor, those symptoms had resolved by

2

May 2019. Furthermore, in his written report, Employer's Doctor conceded that the medical treatment Employee received through May 6, 2019 was reasonable, necessary, and causally related to his work injury, including the lumbar injections. Nevertheless, at the Board hearing, Employer's Doctor testified that the lumbar injections were not reasonable or necessary. When questioned about the discrepancy between his written report and his verbal testimony regarding the lumbar injections, Employer's Doctor stated that he conceded in his written report that the lumbar injections were reasonable and necessary based on the Employer's Doctor's understanding that the Board would accept lumbar injections as reasonable and necessary.[1]

---

[1] Testimony of Employer's Doctor via deposition on November 5, 2019:

Q. Okay. Now, in your May 6, 2019 report you stated that the treatment to date that [Employee] had was reasonable, necessary, and causally related; is that correct?
A. That's correct.
Q. And that included the injections . . . in April?
A. That's correct.
Q. Yet today you said that those injections – let me use your word[s] . . . there was no reason for those injections to occur?
A. Well, there's two viewpoints. One is I testify a lot, I think the Board would acknowledge the reason for the injections, but the indications for the injections, from my viewpoint, were not reasonable or necessary.
Q. Yet you wrote in your report they were reasonable and necessary?
A. Well, based on my acknowledgement of what the Board would say. But if you're asking me directly, the answer is, I don't see a reason for them.

Moreover, Employer's Doctor agreed with Employee's Surgeon that Employee had spinal stenosis.[2] Nevertheless, Employer's Doctor offered an opinion that the Proposed Spinal Surgery should not be performed because there were no clinical findings to support the Proposed Spinal Surgery. However, on cross-examination, Employer's Doctor contradicted himself again by stating that he would accept the Proposed Spinal Surgery as reasonable and necessary if the doctor to whom Employer's Doctor referred patients, Dr. Yalamanchili[3] ("Employer's Referral Doctor"), recommended the procedure.[4]

---

Q. So when you write your report, you do it based on what the Board would say—
A. No, I—

Schwartz Dep. 77–78.

[2] Employer's Doctor testified as follows:

Q. Okay. And did you look at the actual films?
A. I did not.
Q. Okay. And you – since you read thoroughly [Employee's Surgeon's] deposition, you'll recall that he actually was looking at the films while he was testifying. Do you agree or disagree with his reading of the films?
A. That there's spinal stenosis at L4-5, L5-S1? Totally agree there's spinal stenosis.

Schwartz Dep. 83.

[3] Only Dr. Yalamanchili's last name is provided.

[4] Employer's Doctor testified as follows:

Q. If [Employer's Referral Doctor] said, yes, this man needs surgery, what would you say?
A. I would say absolutely.
Q. Based on the exact same findings?
A. Well, now you have two against one. I think that the risk of the surgery is tremendous. But I –

Schwartz Dep. 90. Later in his trial deposition, Employer's Doctor was asked:

4

The Board denied Employee's Petition for Compensation Due finding that Employee "failed to show that, more likely than not, the [Proposed Spinal Surgery] is reasonable or necessary medical treatment for his complaints."[5] The Board explained that it accepted the opinion of Employer's Doctor over the opinion of Employee's Surgeon for the following reason: "before the concept of cutting into [Employee's] back to free up nerves can be deemed a reasonable procedure, there should be sound evidence that neurological compromise is actually occurring."[6] Furthermore, the Board stated that "[t]he risk of such a [Proposed Spinal Surgery] might be justified if [Employee] had objective evidence of actual neurological

Q. Right. And just, in final, is that, you know—that—so the Board understands, if [Employer's Referral Doctor] was the tiebreaker here and he had the exact same findings as you and [Employee's Surgeon] had, then you would say to the Board that I –you have my blessing, go forward with the surgery, [Employee's Surgeon]?

A. If I was asked, I'd probably say something to this: Although I have significant doubts that the surgery would be successful based on my own exam but acknowledging [Employer's Referral Doctor's] opinion, I would not be able to say within a reasonable degree of medical probability that the surgery would not be reasonable and necessary.

Q. Okay.

A. And, again, emphasize that I have significant doubts that the surgery would be successful.

Q. Okay. Thank you.

Schwartz Dep. 112–13.

[5] *Thompkins v. Reynolds Transportation, Inc.*, No. 1482461, at 9 (Del. I.A.B. March 13, 2020).

[6] *Id.* at 8.

5

compromise, but the Board does not consider it reasonable to operate to relieve nerve compression for which there is no clinical evidence of symptomatic nerve problems."[7] The Board notes that Employee's Surgeon offered an opinion that Employee's "MRI shows nerve compression and 'crowding' of the nerve roots."[8] Also, both orthopedic surgeons note spinal stenosis. Yet, the Board found that "the examinations simply do not present any evidence of pathology requiring surgery" and denied Employee's Petition.[9]

Employee appealed the Board's rejection of the Proposed Spinal Surgery to this Court.

## STANDARD OF REVIEW

In considering an appeal from a Board decision, this Court's role is limited to determining whether the Board's conclusions are supported by substantial evidence and are free from legal error.[10] The Court considers the record in the light most favorable to the party prevailing on the Board's appeal.[11] This Court does not weigh the evidence, determine questions of credibility, or make its own factual findings.[12]

---

[7] *Id.* at 9.
[8] *Id.*
[9] *Id.*
[10] *Murphy & Landon, P.A. v. Pernic*, 121 A.3d 1215, 1221 (Del. 2015).
[11] *Thompson v. Christiana Care Health Sys.*, 25 A.3d 778, 782 (Del. 2011).
[12] *Id.*

6

The Court may "reverse, affirm or modify the award of the Board or remand the cause to the Board for a rehearing."[13]

## DISCUSSION

**A.**  **The record does not include substantial evidence to support the Board's rejection of the Proposed Spinal Surgery as reasonable and necessary.**

According to the Board, in rejecting the compensability of the Proposed Spinal Surgery, the Board accepted the opinion of Employer's Doctor over the opinion of Employee's Surgeon. However, substantial evidence does not support this conclusion. First, Employer's Doctor offered inconsistent opinions regarding the lumbar injections, and demonstrated a willingness to alter his opinion based on what he understood the Board would accept. Second, Employer's Doctor offered contradictory opinions regarding whether the Proposed Spinal Surgery is reasonable and necessary depending merely on which doctor recommended it.

The Board does not address the discrepancies in Employer's Doctor's testimony. Also, the Board offers no explanation for accepting Employer's Doctor's rationale that the Proposed Spinal Surgery was reasonable and necessary depending merely on which doctor recommended it. While the Court "will not intrude on [the Board's] role as trier of fact by disturbing the [Board's] credibility determinations

---

[13] 19 *Del. C.* § 2350(b).

7

or factual findings,"[14] findings must be supported by substantial evidence which is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[15]

Moreover, the overall goal of the workers' compensation statute is to provide an injured worker with medical treatment in an attempt to get the worker back to work. The record shows that Employee tried physical therapy as well as lumbar injections, conservative treatment which did not relieve Employee's pain. Employee's Surgeon stated that the purpose of Employee's Proposed Spinal Surgery is to alleviate Employee's symptoms with the goal of getting Employee back to his pre-work injury functionality.

The Board states that "[a]n operation is done because a patient currently has a problem that has not responded to conservative treatment."[16] Despite acknowledging this standard, however, the Board concluded that Employee's Proposed Spinal Surgery was not reasonable and necessary. Substantial record evidence does not support the Board's conclusion that the Proposed Spinal Surgery was not reasonable and necessary. Accordingly, the Board's findings do not withstand appellate review and must be addressed by the Board on remand.

---

[14] *Toribio v. Peninsula United Methodist Homes, Inc.*, 2009 WL 153871, at *2 (Del. Super. Jan. 23, 2009).
[15] *Id.* (quoting *Anchor Motor Freight v. Ciabattoni*, 716 A.2d 154, 156 (Del. 1998)).
[16] *Thompkins*, No. 1482461, at 9.

**B. Stipulating to the expertise of a medical doctor is not a waiver of challenges to weight of the evidence presented by that medical expert.**

Employer contends that Employee waived challenges to the opinions of Employer's expert by stipulating to the qualifications of Employer's Doctor. Employer conflates the standard for admissibility with challenges to the weight of the evidence. The decision to admit expert testimony is not a conclusion that the expert's opinion is correct.[17] Thus, conceding that a medical expert is qualified to offer an opinion is not a concession that the expert's conclusions are correct.

**C. Employer's motion to strike is moot because the Court does not rely upon the information to which Employer objections.**

Employer objects to the presentation by Employee on appeal of a medical journal article addressing spinal stenosis. This Court does not rely upon the medical journal article in reaching its decision. Accordingly, Employer's Motion to Strike is moot.

---

[17] "Once the trial court has determined that a witness is competent to testify as an expert, challenges to the expert's skill or knowledge go to the weight to be accorded the expert testimony rather than its admissibility." *Perry v. Berkley*, 996 A.2d 1262, 1270–71 (Del. 2010) (quoting *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 283 (8th Cir. 1995)).

## CONCLUSION

While the Board's findings are entitled to great deference by this Court, the Board's conclusions must be supported by substantial evidence and reflect a rational consideration of the record. The record does not include substantial evidence to support the Board's acceptance of Employer's Doctor's opinions because those opinions were inconsistent and contradictory. Accordingly, the decision of the Board to reject Employee's request that the Proposed Spinal Surgery be approved as compensable does not withstand appellate review.

**NOW, THEREFORE, this 11th day of January, 2021 the decision of the Industrial Accident Board is REVERSED and REMANDED for further proceedings consistent with this opinion. Defendant Reynolds Transportation's Motion to Strike is MOOT.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**

10